# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENNETH BERNARD BURNEY,
      Plaintiff,

    v.                                            Case No. 22-C-109

JANE AND JOHN DOES,
      Defendants.

## SCREENING ORDER

Plaintiff Kenneth Bernard Burney,[1] an inmate confined at the Green Bay Correctional Institution, filed a pro se complaint alleging that the defendants violated federal law. This order resolves plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

## I. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On February 10, 2022, I ordered the plaintiff to pay an initial partial filing fee of $36.82. ECF No. 8. Plaintiff paid that fee on March 4, 2022. I will grant the plaintiff's motion

---

[1] In the caption of the complaint, the plaintiff lists his surname as "Burley." ECF No. 1 at 1. But elsewhere in the complaint, and in his signature, the plaintiff uses the name "Burney." *Id.* at 5, 8. The plaintiff's Wisconsin Department of Corrections number (#496386) is associated with "Kenneth B. Burney," which I presume is the plaintiff's correct name.

for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. SCREENING THE COMPLAINT

**A. Federal Screening Standard**

I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Although the plaintiff does not expressly cite 42 U.S.C. § 1983, I will consider whether his complaint states a claim under that statute. To state a claim for relief under § 1983, a plaintiff must allege that someone deprived him of a right secured by the

Constitution or laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

The complaint names as defendants the Radisson Hotel Corporation and unknown employees of the Radisson Hotel on Mayfair Road in Wauwatosa. The plaintiff alleges that on November 5, 2021, hotel employees knowingly rented a room to a sixteen-year-old girl. The girl invited several other underage persons to her room, where they smoked or used illicit drugs. The plaintiff says hotel employees knew the girl and others were underage and using drugs but did not tell them to leave.

The next day, for unstated reasons, the underage occupants began shooting at each other. The plaintiff alleges that members of several police agencies arrived to handle the situation. But because of hotel staff "negligence," the officers went to the plaintiff's hotel room, where "ultimately a separate unrelated gun battle ensued." ECF No. 1 at 7. The plaintiff says hotel staff failed to follow "hotel protocol" by notifying the police of the underage tenants' illicit drug use and/or removing them from their room. *Id.* He alleges that if hotel staff had acted appropriately, "the gun battle would[']ve been thwarted." *Id.*

The plaintiff asserts that the hotel and its employees "violated federal bargaining and collective bargaining agreements" by allowing the underage occupants to violate "federally mandated non-smoking policies" and "use illicit illegal substances on premises."

*Id.* at 6. He seeks $1 million in damages and asks the court to fire "all negligent employee(s)" and to "train management staff to thwart underage occupants." *Id.* at 4.

## C. Analysis

As I explained, an action under § 1983 may be brought only against persons acting "under color of state law"—generally state or local government officials or employees. But a private party may be considered a state actor if he "has acted together with or has obtained significant aid from state officials, or [if] his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). For example, the hotel employees could be liable if they conspired with the police to violate the plaintiff's rights. *See Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009) (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980)). An individual also may be considered a state actor if he exercises powers traditionally reserved to a state. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974).

The complaint alleges no facts suggesting that the hotel or its employees are state actors or that their behavior may be considered "state action." The plaintiff does not allege unlawful cooperation between hotel staff and the police. He does not allege that the police wronged him at all. He alleges only that hotel staff acted "negligently" when the police arrived and that they violated "hotel protocol." These allegations *may* state a cause of action under state law, but they do not create potential liability under § 1983. *See Mirbeau of Geneva Lake, LLC v. City of Lake Geneva*, 746 F. Supp. 2d 1000, 1008 (E.D. Wis. 2010) (citing *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989)) ("[P]rivate actors do not act under the color of state law [by] merely calling on the law for assistance.").

4

Although the complaint alleges that the hotel or its employees "violated federal bargaining and collective bargaining agreements" and allowed the underage occupants to violate "federally mandated non-smoking policies" and "use illicit illegal substances on premises," these allegations do not state a claim under any federal law that would provide a private cause of action to the plaintiff.

I will dismiss the complaint because it fails to state a claim under federal law. Courts generally permit civil plaintiffs an opportunity to amend their pleadings but need not do so where the amendment would be futile. *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 346–47 (7th Cir. 2018). Here, any amendments would be futile. An amendment could not change the fact that the hotel and its employees are not state actors and that no federal law provides the plaintiff with a private cause of action. Because the complaint fails to state a federal claim, I decline to exercise supplemental jurisdiction over any potential state-law claims. *See* 28 U.S.C. § 1367(c).

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from the plaintiff's prison trust account the $313.18 balance of the filing fee **by collecting payments from the plaintiff's prison trust account in an amount equal to**

**20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule

of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 16th day of March, 2022.


s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge